UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL MARCEL CARTER,

       Plaintiff,                          Civil Action No. 2:07-13311
v.                                        HONORABLE ANNA DIGGS TAYLOR
                                               UNITED STATES DISTRICT COURT
RICUMSTRICT, et. al.,

       Defendants,
_____/

**ORDER DIRECTING SERVICE UPON THE DEFENDANTS IDENTIFIED IN THE COMPLAINT AND GRANTING PLAINTIFF ADDITIONAL TIME TO IDENTIFY THE FIVE "JOHN DOE" DEFENDANTS LISTED IN THE COMPLAINT [DKT # 8].**

On or about August 9, 2007, plaintiff, Joel Marcel Carter, a state prisoner currently confined at the Standish Maximum Correctional Facility in Standish, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against a number of defendants, five of whom were only identified as "John Does." Plaintiff also failed to provide enough copies of the complaint for service upon the defendants.

On August 20, 2007, Magistrate Judge R. Steven Whalen issued an order giving plaintiff thirty days to provide enough copies of the complaint for service upon the defendants. The order further directed plaintiff to name or identity of the "John Doe" defendants so that service could be effected on these defendants. The order also indicated that the complaint would be dismissed without prejudice if plaintiff failed to provide this

1

information to the Court within thirty days of the order.

On September 13, 2007, plaintiff furnished sufficient copies of the complaint for service upon the defendants. Plaintiff, however, has failed to name or identify the "John Doe" defendants which he has named in his complaint. On September 17, 2007, plaintiff filed a motion for reconsideration of the original deficiency order, in which he essentially requests additional time to discover the identities of the five "John Doe" defendants. For the reasons stated below, the Court will order that the complaint be served against the defendants who have been identified in the complaint. The Court will further grant plaintiff an extension of time to discover and determine the identities of the five "John Doe" defendants listed in his complaint. Plaintiff shall be given until December 7, 2007 to identify the "John Doe" defendants for service of the complaint. Plaintiff's failure to identify the "John Doe" defendants by that date could result in the complaint being dismissed without prejudice with respect to these defendants.

## I.  DISCUSSION

An inmate who brings a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him a summons and copy of the complaint. *See Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff is proceeding *in forma pauperis,* as is the case here, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the

complaint. *See Williams v. McLemore,* 10 Fed. Appx. 241, 243 (6th Cir. 2001); *See also Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

Plaintiff has properly identified defendants # 2-10 listed in his complaint by providing their names and addresses to the Court. The Court will therefore order that service be directed with respect to these defendants.

Plaintiff has failed to identify the five "John Doe" defendants that he lists in the complaint.

Fed.R.Civ.P. 4(m) provides in pertinent part as follows:

If service ... is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Plaintiff filed his complaint on August 9, 2007. Pursuant to Fed. R. Civ. P. 4(m), plaintiff would have 120 days from that date, or until December 7, 2007, to identify the five "John Doe" defendants listed in his complaint in order to effectuate service upon these defendants. *See Petty v. County of Franklin, Ohio,* 478 F. 3d 341, 345 (6th Cir. 2007). Although courts generally do not favor use of "John Doe" to identify defendants, where the identify of a party is unknown prior to the filing of a complaint, courts generally allow a plaintiff to identify the unknown defendant through discovery, unless it is clear that discovery would not uncover the identities of the defendants. *Cetenich v. Alden*, 11 F. Supp. 2d 238, 242 (N.D.N.Y. 1998); *See also Yates v. Young,*

772 F. 2d 909 (Table), 1985 WL 13614, * 1 (6th Cir. August 28, 1985). The Court will therefore give plaintiff until December 7, 2007 to ascertain the identities of the "John Doe" defendants in order that service may be effected upon these individuals. Plaintiff's failure to ascertain the identities of these five "John Doe" defendants by that date could result in the complaint being dismissed without prejudice against these defendants, unless plaintiff can establish good cause for his failure to identify these defendants by that time. *Perry,* 478 F. 3d at 345.

## II.  ORDER

Based upon the foregoing, **IT IS ORDERED** that defendant's complaint be served upon the named defendants [Defendants # 1-9] by the U.S. Marshall without prepayment of fees.

**IT IS FURTHER ORDERED** that plaintiff shall provide the name and identity of the "John Doe" defendants named in this complaint to this Court by **December 7, 2007**. Plaintiff's failure to identify these five "John Doe' defendants by that date could result in the complaint being dismissed without prejudice against these defendants in the absence of a showing of good cause.

s/Anna Diggs Taylor  
**HON. ANNA DIGGS TAYLOR**  
UNITED STATES DISTRICT COURT

DATED: October 29, 2007

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing Order was served upon Petitioner by First Class U.S. mail on October 29, 2007.

Joel Carter, #410324
Standish Maximum Correctional Facility
4713 West M-61
Standish, MI 48658

                                          s/Johnetta M. Curry-Williams
                                          Case Manager