UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

JOEL MARCEL CARTER,
        Plaintiff,

vs.  `                                CIVIL NO:2:07-CV-13311
                                              DISTRICT JUDGE ANNA DIGGS TAYLOR
RICUMSTRICT, RUM M. KRAJNIK,        MAGISTRATE JUDGE STEVEN D. PEPE
SGT. R HUGES, LT. SMITH, SGT. PICHE,
H. BAILEY, M. MOHONEY, M. SZAPPEN,
C.O. STOTHARD, JOHN DOES 1-5
        Defendants.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR PRODUCTION OF
NAMES AND CERTAIN DOCUMENTS (Dkts. # 8, 11) &
ORDER EXTENDING TIME FOR SERVICE ON JOHN DOE DEFENDANTS &
<u>ORDER TO PRESERVE EVIDENCE</u>**

On August 9, 2007, Plaintiff, Joel Marcel Carter, an inmate at the Standish Maximum Correctional Facility (SMF), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against a number of defendants, five of whom were only identified as "John Does" (Dkt. # 1). Plaintiff also failed to provide enough copies of the complaint for service upon Defendants. On August 20, 2007, Magistrate Judge R. Steven Whalen issued an order (1) giving Plaintiff thirty days to provide enough copies of the complaint for service upon the defendants, and (2) ordering Plaintiff to name or identify the "John Doe" defendants so that service could be effected upon them (Dkt. # 4).

On September 13, 2007, Plaintiff furnished sufficient copies of the complaint for service upon the named Defendants. Plaintiff has not named or identified the "John Doe" Defendants listed in his complaint. On September 17, 2007, Plaintiff filed a motion for reconsideration of the original deficiency order, requesting additional time to discover the

identities of the five "John Doe" Defendants (Dkt. # 8).

On October 29, 2007, District Judge Taylor issued an order directing that service be effectuated as to the named Defendants, and granting Plaintiff a time extension to discover and determine the identities of the five "John Doe" defendants listed in his complaint (Dkt. # 9). The order gave Plaintiff until December 7, 2007 to identify the "John Doe" Defendants for service of the complaint. *Id.* at 4. Judge Taylor noted that "Plaintiff's failure to identify these defendants by that date could result in the complaint being dismissed without prejudice with respect to these defendants."

On November 16, 2007, Plaintiff filed a motion requesting that the Michigan Department of Corrections (MDOC) produce the names of the five "John Does" and certain documents including (1) all time-sheets, duty sheets or any and all documents pertaining to employees assigned to the "Response Team" on November 21, 2006, (2) a copy of the "Response Team" training manual and other instructional materials and (3) a copy of the video tape made when the "Response Team" entered Plaintiff's cell on November 21, 2006 (Dkt. # 11, p. 4,5). On November 29, 2007, all pretrial matters were referred to the undersigned (Dkt. # 14).

An inmate who brings a civil rights complaint must identify each Defendant against whom relief is sought, and must give each Defendant notice of the action by serving upon him a summons and copy of the complaint. *See Feliciano v. DuBois*, 846 F. Supp. 1033, 1048 (D. Mass. 1994). Plaintiff has been unable to effectuate service upon five "John Does" pursuant Federal Rule of Civil Procedure 4(c).[1] As Judge Taylor noted, "Pursuant to Fed. R. Civ. P. 4(m), Plaintiff has 120 days from the date of filing date, or until December 7, 2007, to identify the five

---

[1] Fed. R. Civ. P. 4(c)(1): "A summons shall be served together with a copy of the complaint. The plaintiff is responsible for the service of a summons and complaint within the time allowed under subdivision (m)."

"John Doe" Defendants listed in his complaint in order to effectuate service upon these defendants. *See Petty v. County of Franklin, Ohio*, 478 F. 3d 341, 345 (6th Cir. 2007) (Dkt. # 9, p. 3). Plaintiff has not identified the five "John Does," and is beyond the 120 day window provided by the Federal Rules. That said, Plaintiff has made a good faith effort to comply with this Court's order (Dkt. # 4) to provide sufficient copies of the complaint so that named Defendants could be served. Plaintiff also timely filed a motion to compel the identity of the "John Does" (Dkt. # 11).

Accordingly, **IT IS ORDERED** that Plaintiff's motion is **GRANTED IN PART** as follows:

1. Counsel for the named Defendants, who also represents MDOC, determine through the Litigation Coordinator or other appropriate source at SMF and provide to Plaintiff and the Court the names of the members of the "Response Team" who entered Plaintiff's cell on November 21, 2006.

2. Once the John Doe Defendants are identified, the U.S. Marshals Service will effect service upon these Defendants once they are identified..

3. Once the John Doe Defendants are identified, Plaintiff shall provide, at his cost, sufficient copies of the complaint to the U.S. Marshals Service.

4. Once the John Doe Defendants are identified, the Clerk of the Court will issue a new Summons giving the Marshals Service 45 days from issuance of the new summons to effect service on the John Doe defendants.

5. Plaintiff's request to obtain "a copy of any time-sheet, employee assignment duty sheet or any and all documents pertaining to the employees assigned to the "Response Team" on November 21, 2006," is **DENIED WITHOUT PREJUDICE**. Once all Defendants are served and have appeared and once it is determined if certain Defendants should be dismissed for immunity or otherwise, a telephonic status conference will be arranged to discuss discovery.

6. Defense counsel shall notify the Litigation Coordinator or other appropriate persons at SMF to preserve any "Response Team" training materials and any video tape made when the "Response Team" entered Plaintiff's cell on November 21, 2006.

There is no indication that Plaintiff has sought discovery from Defendants. The materials sought by Plaintiff may be discoverable, but Plaintiff per Rule 26(a)(5) and Rule 34(a) has failed to properly serve Defendants with a discovery a request(s). Accordingly, Plaintiff should

determine before the status conference what discovery from each Defendant he wants including Interrogatories, Requests for Production and Requests for Admission.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).

SO ORDERED.

**DATED:** December 28, 2007  s/ Steven D. Pepe
**Fl int , MI** STEVEN D. PEPE
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 28, 2007.

s/ Alissa Greer
Case Manager to Magistrate
Judge Steven D. Pepe
(734) 741-2298