UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,

    Plaintiff,

                                           Case No. 07-13311
v.                                        Honorable Denise Page Hood

DONALD RICUMSTRICT, et al.,

    Defendants.

_____/

**ORDER REGARDING MOTION IN LIMINE**

Plaintiff Joel Carter filed a *pro se* 42 U.S.C. § 1983 prisoner civil rights Complaint on August 9, 2007. The district judge adopted the Magistrate Judge's Report and Recommendation dismissing the case in its entirety. Carter appealed the order as to the claims for deliberate indifference and excessive force under the Eighth Amendment. The Sixth Circuit Court of Appeals affirmed the district court's dismissal of the deliberate indifference claim but reversed on the excessive force claim regarding the use of chemical agents, finding a genuine issue of material fact as to whether Carter "was able to walk on his own to be cuffed and, thus, whether it was necessary to use chemical agents on him." *Carter v. Ricumstrict,* Case No. 08-2378, pp. 3-4 (6th Cir. Jan. 25, 2010) (unpublished order). The only remaining claim on remand is Carter's Eighth Amendment excessive force claim as to Defendants' use of chemical agents on Carter. Carter was appointed counsel and counsel on behalf of Carter filed an appearance on September 28, 2011.

Carter has now filed a Motion in Limine seeking to exclude evidence of Carter's prior sexual misconduct tickets asserting these are not relevant. In response, Defendants argue that the prior sexual misconduct tickets are relevant. A few days before the November 21, 2006 incident, on

November 18, 2006, Carter was issued a sexual misconduct ticket. Defendants claim that Carter would use his heavy mattress, roll it up and stand on it while masturbating in front of his cell. As a result of this sexual misconduct ticket on November 18, Carter was placed on mattress restriction. Defendants argue that Carter's ability to roll up the heavy mattress and stand on the mattress a few days before the incident impeaches Carter's explanation that he could not walk on the day of the November 21, 2006 incident.

Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed.R.Evid. 402 states that "all relevant evidence is admissible, except as otherwise provided ..." and that "evidence which is not relevant is not admissible." Fed.R.Evid. 403 states that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Trial courts have broad discretion in determining whether to admit evidence based on considerations of relevance, materiality and prejudice. *United States v. Jackson-Randolph,* 282 F.3d 369, 376 (2002). Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b). Courts have recognized the use of other crimes or other bad acts permissible

as evidence at trial. *United States v. Blankenship,* 775 F.2d 735, 739 (6th Cir. 1984). A three-step inquiry as to admissibility of 404(b) evidence is used: 1) whether sufficient evidence exists that the prior act occurred; 2) whether the "other act" is admissible for a proper purpose under Rule 404(b); and, 3) determine whether the "other acts" evidence is more prejudicial than probative under Rule 403. *United States v. Poulsen,* 655 F.3d 492, 508 (6th Cir. 2011).

The only relevant sexual misconduct ticket would be the ticket issued on November 18, 2006. All the other some 70 sexual misconduct ticket would not be relevant and highly prejudicial. As to the November 18 ticket, there is sufficient evidence to show the act occurred pursuant to the report. The November 18 ticket would be admissible to show Carter could indeed walk or ambulate, contrary to his claim that he could not walk on November 21, 2006. This evidence would impeach Carter's testimony or evidence that he was not able to walk on November 21, 2006. However, the November 18 ticket is more prejudicial than probative.

The facts show that the day before the November 20, 2006 incident, Carter was taken to the emergency room. Depending on the testimony of the medical staff, there may be testimony by the medical staff to support the defense's argument that Carter was able to walk on November 21, 2006. There may be further testimony from other witnesses that Carter was able to walk on November 21, 2006. Witnesses may also testify that they observed Carter rolling the mattress and the weight of the mattress, without going into the specifics of the sexual misconduct ticket such as the sexual acts performed by Carter. If at trial the door is opened by Carter regarding the November 18 ticket, the parties may revisit the admission of the November 18 ticket at that time.

Accordingly,

IT IS ORDERED that Plaintiff's Motion in Limine to Exclude Evidence of Allegations of

3

Sexual Misconduct **(Doc. No. 111, 2/28/2012)** is GRANTED.

                    S/Denise Page Hood
                    Denise Page Hood
                    United States District Judge

Dated:  July 5, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 5, 2012, by electronic and/or ordinary mail.

                    S/LaShawn R. Saulsberry
                    Case Manager