UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,

       Plaintiff,

                                              Case No. 07-13311

v.

                                            HONORABLE DENISE PAGE HOOD

ASSISTANT DEPUTY WARDEN
RICUMSTRICT, et al.,

       Defendants.

_____/

ORDER DENYING PLAINTIFF'S MOTIONS FOR NEW TRIAL AND/OR
FOR JUDGMENT AS A MATTER OF LAW

I.       BACKGROUND

       This matter is before the Court on Plaintiff Joel Carter's two Motions for New Trial and/or for Judgment as a Matter of Law–one filed by counsel and the other filed *pro se*. A response was filed to the motions by Defendants.

       The jury trial began on July 9, 2012. A verdict was rendered on July 11, 2012, the jury finding a no cause of action in favor of Defendants and against Plaintiff. (Verdict Form, Doc. No. 129) On August 8, 2012, Plaintiff's counsel filed a Motion for New Trial and/or for Judgment as a Matter of Law. (Doc. No. 131) On August 9, 2012, Plaintiff, proceeding *pro se,* filed a Motion for Judgment as a Matter of Law and/or Request for New Trial. (Doc. No. 132)

II.      MOTION FOR JUDGMENT AS A MATTER OF LAW, ALTERNATIVELY, A NEW TRIAL

       A.      Motion for Judgment as a Matter of Law

       Plaintiff argues he is entitled to a Motion for Judgment as a Matter of Law in his favor because there was sufficient evidence to establish that Defendants violated his Eighth Amendment

right under the United States Constitution when he was subjected to the use of chemical agents by

Defendants.  Defendants respond that Plaintiff is not entitled to Judgment as a Matter of Law since

he made no such motion at the close of the proofs prior to submitting the issue to the Jury.

Motions for Judgment as a Matter of Law was governed by Rule 50(a) of the Rules of Civil

Procedure which provides:

> **(a)      Judgment as a Matter of Law.**
>
> **(1)      *In General.***  If a party has been fully heard on an issue
> during a jury trial and the court finds that reasonable jury would not
> have a legally sufficient evidentiary basis to find for the party on that
> issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the
> party on a claim or defense that, under the controlling law, can be
> maintained or defeated only with a favorable finding on that issue.
>
> **(2)      *Motion.***  A motion for judgment as a matter of law
> may be made at any time before the case is submitted to the jury.
> The motion must specify the judgment sought and the law and facts
> that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a).  If the court does not rule on the motion for judgment as a matter of law after

the close of all the evidence the court is considered to have submitted the action to the jury.

Fed.R.Civ.P. 50(b).  The motion may be renewed by filing a motion no later than 28 days after the

judgment has been entered.  Rule 50(b).  Failure to make a pre-verdict motion for judgment as a

matter of law under Rule 50(a) precludes any post-verdict motion under Rule 50(b) and any such

claim is waived.  *Sykes v. Anderson,* 625 F.3d 294, 304 (6th Cir. 2010); *American and Foreign Ins.

Co., v. Bolt,* 106 F.3d 155, 160 (6th Cir. 1997).  Judgment as a matter of law is appropriate when

"viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue

of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the

2

moving party." *Tisdale v. Federal Express, Corp.,* 415 F.3d 516, 527 (6th Cir. 2005); *Jackson v. Quanex Corp.*, 191 F.3d 647, 657 (6th Cir. 1999). "The evidence should not be weighed, and the credibility of the witnesses should not be questioned. The judgment of this court should not be substituted for that of the jury; instead, the evidence should be viewed in the light most favorable to the party against whom the motion is made, and that party given the benefit of all reasonable inferences." *Tisdale,* 415 F.3d at 530. "[W]henever there is a complete absence of pleading or proof on an issue material to the cause of action or when no disputed issues of fact exist such that reasonable minds would not differ" only then is it appropriate to take the case away from the jury. *O'Neill v. Kiledjian*, 511 F.2d 511, 513 (6th Cir. 1975).

Generally, it is the defendant who moves for judgment as a matter of law during a trial, although Rule 50(a) contemplates that either party may make such a motion after proofs are closed, but prior to the verdict. In this case, because Plaintiff did not move for judgment as a matter of law after the proofs were closed and prior to the entry of the verdict, as required under Rule 50(a), there is no motion to renew as provided under Rule 50(b). Plaintiff is precluded from raising any sufficiency of the evidence claim under Rule 50(b) after the verdict has been rendered in this case. Plaintiff's motion for judgment as a matter of law is denied.

### B.      Motion for New Trial

Plaintiff makes the same argument in his motion for new trial under Rule 59 that there was sufficient proof to establish that Defendants violated his Eighth Amendment right when chemical agents were used on him. Defendants respond that the question of the sufficiency of evidence is not available as a ground for a motion for new trial.

Rule 59 provides that a new trial may be granted to all or any of the parties and on all or part

of the issues for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States. Fed. R. Civ. P. 59. Specific grounds for new trial have included: the verdict is against the weight of the evidence; the damages are excessive; for other reasons the trial was not fair; there were substantial errors in the admission or rejection of evidence; the giving or refusal of instructions were in error; and misconduct of counsel. *Clark v. Esser*, 907 F.Supp. 1069, 1073 (E.D. Mich. 1995); *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749 (6th Cir. 1980); *Static Control Components, Inc. v. Lexmark Int'l, Inc.,* 697 F.3d 387, 414 (6th Cir. 2012).

The grant or denial of a new trial is purely within the discretion of the trial court and will not be reversed except upon a showing of abuse of discretion. *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989). The trial court has broad discretion in deciding a motion for a new trial to prevent a miscarriage of justice. *Clark*, 907 F.Supp. at 1073; *City of Cleveland*, 624 F.2d at 756; *Fryman v. Federal Crop Ins. Corp.*, 936 F.2d 244, 248 (6th Cir. 1991). If there is no motion for directed verdict made on the question of the sufficiency of the evidence, such is also not available as a ground for a motion for new trial. *Southern Ry. Co. v. Miller,* 285 F.2d 202, 206 (6th Cir. 1960). However, such a motion can be viewed as one claiming that the verdict was against the great weight of the evidence, which can be considered by the trial court as a motion for new trial under Rule 59. *Id.*

In considering a motion for new trial on the ground that the verdict is against the weight of the evidence, the court cannot set aside the verdict simply because it believes another outcome is more justified. *Denhof v. City of Grand Rapids,* 494 F.3d 534, 543-44 (6th Cir. 2007). The court must accept the jury's verdict and can only overturn the verdict if the verdict was against the weight

of the evidence and the jury verdict was unreasonable.  *Id.*  Courts are not free to reweigh the evidence and set aside the jury verdicts merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.  *Bruner v. Dunaway,* 684 F.2d 422, 425 (6th Cir. 1982).

Plaintiff argues that the jury's verdict and findings were against the great weight of the evidence presented before the jury.  Plaintiff cites the Sixth Circuit's opinion remanding the matter which stated, "[n]or have the defendants provided any evidence to suggest that Carter posed a danger to them or that he was acting in a violent manner, such that chemical agents were necessary to cuff him.  The evidence indicates that Carter was simply lying down and remained silent, other than his request that medical staff help him walk to his cell door."  *Carter v. Ricumstrict,* Case No. 08-2378, at 5 (6th Cir. Jan. 25, 2010) (Doc. No. 49).  The Sixth Circuit found on a summary judgment motion that genuine issues of material fact remained on whether Plaintiff was able to walk, because Defendants' evidence at that time consisted of an unsworn statement by a nurse stating she had seen Plaintiff walk the day before was rebutted by Plaintiff's assertion he was unable to walk at the time he was sprayed.  *Id.*  The Sixth Circuit noted the policy directive which may justify the use of chemical agents if a prisoner "refuses an order from staff to allow restraints to be applied or to exit a cell or room."  *Id.*  As agreed by the parties in the Joint Final Pretrial Order, the facts surrounding whether Plaintiff was able to walk and the necessity of using chemical agents, were facts to be determined by the jury.  (JFPTO, ¶¶ 5; Doc. No. 124)

At trial, the jury listened to and observed the testimonies of Plaintiff, Defendants and other witnesses.  The jury considered various evidence, including the video tapes of Plaintiff's extraction from his cell, the movement from his cell to the shower and Defendants' use of the chemical agent.

The jury was able to observe the demeanor of the various individuals involved in the incident from live testimonies and the video tapes. There was sufficient evidence to support the jury's verdict of no cause of action. It is within the jury's purview to weigh the evidence and judge the credibility of the witnesses. The Court cannot reweigh the evidence or substitute its decision for that of the jury when there is evidence upon which reasonable minds could differ. The jury's verdict that Plaintiff's Eighth Amendment right to be free from excessive force was not against the great weight of the evidence presented at trial. The Court finds that the jury's verdict was not unreasonable. Plaintiff's Motion for New Trial must be denied.

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for New Trial and Alternatively Judgment as a Matter of Law **[Doc. No. 131]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Judgment as a Matter of Law and/or Request for New Trial **[Doc. No. 132]** is DENIED.


S/Denise Page Hood_____
Denise Page Hood
United States District Judge

Dated:  March 29, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry_____
Case Manager

6