### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JOEL CARTER,

       Plaintiff,                                  Case No. 07-13311
                                                    Honorable Denise Page Hood

v.

ASSISTANT DEPUTY WARDEN
RICUMSTRICT, et al.,

       Defendants.
_____/

### ORDER GRANTING APPLICATION FOR PRISONER TO
### PROCEED *WITHOUT PREPAYMENT OF FEES* ON APPEAL,
### DENYING WITHOUT PREJUDICE MOTION FOR PRODUCTION OF TRANSCRIPT,
### and
### GRANTING MOTION FOR WITHDRAWAL AS COUNSEL

## I.      BACKGROUND

On July 11, 2012, the jury rendered a verdict of no cause of action against Plaintiff and in favor of Defendants after a three-day trial. (Doc. No. 130) Plaintiff's Motion for New Trial and Alternatively Judgment as a Matter of Law was denied in an order filed March 29, 2013. Notices of Appeal were filed by Plaintiff on April 18 and 25, 2013. (Doc. Nos. 137 [by counsel] and 139 [by plaintiff *pro se*]) Plaintiff, proceeding *pro se,* filed an Application to Proceed Without Prepayment of Fees on Appeal and a Motion for Production of Transcripts on April 25, 2013. (Doc. Nos. 141, 142) Plaintiff's counsel filed a Motion for Withdrawal on May 3, 2013. (Doc. No. 143)

## II.     APPLICATION TO PROCEED WITHOUT FEES ON APPEAL

Plaintiff's action is governed by various screening procedures applicable to persons proceeding *in forma pauperis*, 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B), and under the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(c)(1). Before Plaintiff can proceed on appeal *in*

*forma pauperis,* the district court must find that the appeal is not frivolous and is taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997). The parties in this action having engaged in discovery, having filed various dispositive motions and having tried the matter before a jury, the Court finds that the appeal filed by Plaintiff is not frivolous and is taken in good faith.

## III.    TRANSCRIPT

Plaintiff's request regarding the trial transcript is governed by 28 U.S.C. § 753. The statute provides that the Government may pay fees for transcripts to persons proceeding *in forma pauperis* under: the Criminal Justice Act, 18 U.S.C. § 3006A; a habeas corpus action; a § 2255 action; and in other civil cases "if the trial judge certifies that the appeal is not frivolous and presents a substantial question." 28 U.S.C. § 753(f). A "substantial question" has been defined as: "a close question or one that could go either way;" the "question is so integral to the merits;" "it is more probable than not that reversal will be required;" or that the question is "novel ... and has not been decided by controlling precedent or is fairly doubtful." *United States v. Parkes,* 2009 WL 5205370 *3 (E.D. Tenn. 2009)(quotations and citations omitted). Unless the Government pays for the transcripts, the court reporter may charge and collect fees for transcripts requested by the parties and may require any party requesting a transcript to prepay the estimated in advance. 28 U.S.C. § 753(f).

By its verdict of no cause of action, the jury in this case found that Plaintiff did not carry his burden on proving that excessive force was used on Plaintiff. The jury's finding is not a "substantial question" which is more probable than not that reversal will be required. A court may set aside a jury verdict and grant a new trial for any of the reasons for which new trials have been granted,

2

including when a verdict is against the weight of the evidence, the damages awarded are excessive, or the trial was unfair to the moving party in some fashion. *Holmes v. City of Massilon,* 78 F.3d 1041, 1045-46 (6th Cir. 1996). The moving party has the burden of demonstrating the necessity for a new trial. *Clarksville-Montgomery County Sch. Sys. v. U.S. Gypsum Co.,* 925 F.2d 993, 1002 (6th Cir. 1991).

As noted above, the Court entered an order denying Plaintiff's Motion for New Trial. Plaintiff has not shown that the jury's verdict was against the weight of the evidence submitted by the parties at trial. Plaintiff is not entitled to a transcript of the trial to be paid by the Government under 28 U.S.C. § 753(f). Should Plaintiff seek a transcript from the court reporter, a request must be made in writing and addressed to the court reporter as required under E.D. Mich. LR 80.1. Any payment arrangements must be made with the court reporter as set forth in 28 U.S.C. § 753(f).

## IV.     MOTION TO WITHDRAW AS COUNSEL

An Order of Assignment of Counsel was entered on October 7, 2011. (Doc. No. 106) Plaintiff's counsel now seeks to withdraw from representing Plaintiff on appeal.

The Order of Assignment of Counsel indicates that the "assignment is terminated (1) by order of the Court, (2) assignment of substitute counsel, or (3) by termination of the matter before the Court." (Doc. No. 106) The Order further states that "Assigned counsel may only request to withdraw from this matter through the filing of a motion, with notice to Plaintiff, setting forth full particulars as to why such a motion should be granted." (Doc. No. 106) The Order of Assignment of Counsel does not indicate that assigned counsel is required to represent a client on appeal, other than noting that the assignment is terminated by termination of the matter before the Court. "Termination" is not defined in the Order of Assignment. The Local Rules provide that an

3

attorney's appearance continues until entry of "a final order or judgment disposing of all claims by or against the party the attorney represents."  E.D. Mich. LR 83.25(b).

In this case, all matters before *this* Court is terminated.  A final judgment disposing of all claims has been entered against Plaintiff.  The Court finds that the pro bono appointment of Plaintiff's counsel was intended to terminate after any trial or judgment entered or any post-judgment motions have been disposed of, and that such representation does not continue through any appeal.  Although filed after the Notice of Appeal was entered, which generally divests the Court of jurisdiction over any matters, the Court grants the Motion to Withdraw as Counsel since the pro bono appointment of Plaintiff's counsel did not contemplate representation of Plaintiff through any appeal.

## V.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Application to Proceed Without Prepayment of Fees on Appeal **(Doc. No. 141)** is GRANTED.  A separate order governing assessment of fees will be entered.

IT IS FURTHER ORDERED that the Motion for Production of Transcripts **(Doc. No. 142)** is DENIED without prejudice pending any request to the court reporter.

IT IS FURTHER ORDERED that the Motion to Withdraw as Counsel **(Doc. No. 143)** is GRANTED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  June 26, 2013

4

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 26, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager