UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,

    Plaintiff,

v.

ASSISTANT DEPUTY WARDEN
RICUMSTRICT, et al.,

    Defendants.

_____/

Case No. 07-13311
Honorable Denise Page Hood

**ORDER DENYING MOTION FOR RELIEF
FROM JUDGMENT UNDER RULE 60(B)
and
FINDING ANY APPEAL FRIVOLOUS**

**I.    BACKGROUND**

The jury trial began on July 9, 2012 on Plaintiff Joel Carter's 42 U.S.C. § 1983 Eighth Amendment claim that Plaintiff was subject to the use of chemical agents while in Defendants' custody. Plaintiff was represented by an appointed *pro bono* counsel during the proceedings. A verdict was rendered on July 11, 2012, the jury finding a no cause of action in favor of Defendants and against Plaintiff. (Verdict Form, Doc. No. 129) On March 29, 2013, the Court entered an Order denying Plaintiff's Motions for New Trial and/or for Judgment as a Matter of Law. (Doc. No.

136) A Notice of Appeal was filed on April 18, 2013. (Doc. No. 137) The Sixth Circuit appointed counsel to represent Plaintiff on appeal. (Doc. No. 148) While on appeal, Plaintiff's counsel filed a Motion for Relief from Judgment under Rule 60(b) with this Court. (Doc. No. 155) The Sixth Circuit stayed the appeal pending this Court's ruling on Plaintiff's motion. (Doc. No. 156)

In his Rule 60(b) motion, Plaintiff asserts that the exhibit book provided to the jury contained exhibits which were excluded by the Court. Specifically, Plaintiff claims that the Jury received exhibits that detail Plaintiff's sexual misconduct allegations which were excluded by the Court. Plaintiff claims the trial transcript shows that the Court inadvertently gave the Jury a copy of *Plaintiff's* exhibit book containing the inadmissible exhibits.

In an affidavit submitted by Plaintiff, he claims that on the last day of trial, July 11, 2012, he reviewed one of the exhibit books on Plaintiff's table and observed that it contained the exhibits excluded by the Court. (Ex. A, Carter Aff.) Plaintiff asked his counsel, Gerald Gleeson, why the binder contained the inadmissible exhibits. Mr. Gleeson responded that the binder was for "our records only," and that the "Jury won't be seeing these because they have their own copies of the exhibits," which do not contain the sexual misconduct allegations. (Ex. A, Carter Aff.; Ex. B, Gleeson Aff.)

2

The Jury began deliberation at 10:16 a.m. on July 11, 2012 and the Court returned to session at 11:27 a.m. to receive the verdict. (Tr., Pg ID #1247-48) Before receiving the verdict, the Court stated that "I received a note from the Jurors saying we want to get a copy of all admissible documents for the Jury's review. So we gave them all the documents that were on the *front* table." (Tr., Pg ID # 1248)(italics added) Plaintiff asserts in his affidavit that "Plaintiff's table was the front table facing the judge's bench. The defense's table was on the side facing the jury." (Ex. A, Carter Aff.) Plaintiff further asserts that "[t]he exhibit book and Mr. Gleeson's notepad were the only items sitting on top of the table." (*Id.*) Plaintiff claims that when he read the transcripts in November 2013 that exhibits from the front table were given to the Jury, he knew that the Jury received the inadmissible exhibits. (*Id.*) Mr. Gleeson indicated that he left the binder with the excluded documents on *Plaintiff's* table, but "I believe I later packaged it in a box." (Ex. B, Gleeson Aff.) Plaintiff contends in his motion that the "front table" referred to by the Court in the transcript was the "Plaintiff's table."

## II. ANALYSIS

### A. Rule 60(b) Standard

Rule 60(b) of the Federal Rules of Civil Procedures provides that,

> [T]he court may relieve a party or a party's legal

> representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The standard under Rule 60(b) is significantly higher than the Rule 59(e) standard. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998). Motions based on (1), (2) and (3) must be filed no more than a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Under the catch-all provision in subsection (6), the Sixth Circuit has held that a Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1) to (5). *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1333 (6th Cir. 1985). Extraordinary circumstances are needed to grant relief under Rule 60(b)(6). *Id.*

### B. Rule 60(b)(1) - Mistake

Plaintiff cites Rule 60(b)(1) as a basis for his request, arguing that the Court

inadvertently made a mistake by giving the Jury the exhibit book on Plaintiff's table which contained the excluded exhibits. The Judgment in this case was entered on July 12, 2012, which would make Plaintiff's motion under Rule 60(b)(1) untimely. The Order denying Plaintiff's Motions for New Trial was entered on March 29, 2013. The instant motion was filed on March 28, 2014, which would make the motion timely within the one-year limitation period from the March 29, 2013 Order. However, the issue raised in this motion regarding the exhibit binder was not raised in Plaintiff's Motions for New Trial.

Even if the Court were to consider Rule 60(b)(1) motion as timely, the Court denies the motion. The table referred to by the Court in the trial transcript is the small table immediately in front of and below the *court clerk's* table. The *court clerk's* table is immediately in front of and below the bench. The Court did not refer to the *Plaintiff's* table when it indicated "we gave them all the documents that were on the front table." (Tr., Pg ID # 1248) The small table in front of *court clerk's* table in the courtroom is where the admitted exhibits to be given to the Jury (if requested by the Jury) are placed, after all parties have reviewed the exhibits to be submitted to the Jury during deliberation.

From the view of the bench, *Plaintiff's* table is facing the bench, which would be in front of the bench. However, *Plaintiff's* table is several yards away from the

bench. In between the bench and *Plaintiff's* table are the *court clerk's* table, a small table directly in front of the *court clerk's* table and the podium. The *Plaintiff's* table is behind the podium in the back of the bar, but is immediately before the swinging doors which separate the audience from the bar. Those who sit behind the *Plaintiff's* table are directly facing the bench. To the left of the bench and to the left of the *Plaintiff's* table (as viewed from the bench) is the jury box. To the right of the bench is the defense table and those who sit behind the defense table are directly facing the jury box. Although *Plaintiff's* table is facing and is in front of the bench, the Court was not referring to the *Plaintiff*'s table when it indicated the jury was given the evidence books. The Court was referring to the small table directly in front of the *court clerk's* table, which the Court routinely uses as the table where the parties place the admitted evidence to be given to the jury if so requested.

    **C.**    **Rule 60(b)(6)**

Alternatively, Plaintiff cites Rule 60(b)(6), the catch-all provision, arguing that the Jury may have received prejudicial information due to Plaintiff's own counsel's gross negligence by failing to examine Defendant's exhibit book for prejudicial and excluded exhibits. As noted above, a Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1) to (5) and requires a showing of extraordinary circumstances to grant relief. *Smith,* 776 F.2d at 1333. (6th Cir. 1985).

6

When defense counsel offered the exhibit book for the Jury during defense counsel's examination of a witness on July 10, 2012, Mr. Gleeson stated, "I have seen the book and he has represented he has taken out the exhibits that have been ruled inadmissible." (Tr., Pg ID # 982) Defense counsel stated, "Correct." (*Id.*) Mr. Gleeson then stated, "So I trust Mr. Schneider in that regard as an officer of the Court." (*Id.*)

This exchange between the Court and both counsel, does not show egregious behavior by Plaintiff's counsel or support Plaintiff's claim that his counsel did not review the exhibit book actually submitted to the Jury. Plaintiff's counsel in this cited exchange only asserts he saw the defense exhibit book and trusted that defense counsel removed the excluded exhibits before the defense published its exhibit book to the Jury on July 10, 2012. There is also no evidence that the excluded exhibits were placed in the exhibit book presented to the Jury during its deliberations on July 11, 2012. Plaintiff has not shown extraordinary circumstances to warrant relief under Rule 60(b)(6).

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Relief from Judgment under Rule 60(b) **[Doc. No. 155]** is DENIED. Any appeal from this Order would be frivolous

7

and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 9, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 9, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager